IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| R. BRADLEY VAN LANINGHAM d/b/a BRADLEY LAW GROUP and VAN LANINGHAM AND ASSOCIATES, PLLC d/b/a BRADLEY LAW GROUP, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16-CV-948 |
| ALLIED INSURANCE, a Nationwide Insurance Company; AMCO INSURANCE COMPANY; DESPOSITORS INSURANCE COMPANY; and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs, R. Bradley Van Laningham d/b/a Bradley Law Group and Van Laningham and Associates, PLLC d/b/a Bradley Law Group (collectively "BLG" or "Plaintiff"), initiated this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, seeking, among other relief, a declaration that Defendants, Allied Insurance, Amco Insurance, Depositors Insurance (collectively "Nationwide Defendants"), and Travelers Casualty Insurance ("Travelers"), have a duty to defend BLG against claims alleged against it in a lawsuit currently pending before this Court. (*See* ECF No. 1.) Before the Court are motions for summary judgment filed by Nationwide Defendants, (ECF No. 27), and Travelers, (ECF No. 29). These motions for summary judgment were filed on July 31, 2017. (ECF Nos. 27; 29.) Since the

1

filing of the instant motions, the underlying litigation animating this insurance coverage dispute has evolved, making the briefing on the motions for summary judgment currently before the Court stale at best.

Plaintiff's action seeks a declaration that the Defendants "owe a primary duty to defend and indemnify BLG against the claims made" against BLG in *Garey v. Farrin*, 1:16CV542, the underlying case pending before the Court. (*See* ECF No. 1 ¶ 1.) This action was filed on July 13, 2016. (ECF No. 1.) At that time, the controlling pleading in *Garey v. Farrin* was the original complaint filed by the *Garey* plaintiffs on May 27, 2016—now included in this case's docket as ECF No. 1-1. On August 22, 2016, the *Garey* plaintiffs amended their complaint. *See* 1:16CV542, ECF No. 32. In response to this amendment, on February 15, 2017, Travelers amended its answer "in order to attach [a] true and accurate cop[y]" of the first amended complaint in *Garey*, now included in this case's docket as ECF No. 21–1. (*See* ECF Nos. 19 at 1; 21; 21-1.) BLG, Nationwide Defendants, and Travelers then proceeded to brief the motions for summary judgment at issue here by comparing the first amended complaint in *Garey* with the insurance coverage provided by Defendants. On March 15, 2018, the Court stayed this action. (ECF No. 64.) That stay was lifted on January 8, 2020. *See Garey v. James S. Farrin*, No. 1:16CV542, 2020 WL 91869 (M.D.N.C. Jan. 8, 2020). While this action was stayed, on October 24, 2019, the *Garey* plaintiffs filed a second amended complaint which is now the operative complaint. *See* 1:16CV542, ECF No. 180.

To determine whether an insurance provider has a duty to defend its insured in an underlying lawsuit, "North Carolina courts apply the 'comparison test.'" *Hartford Cas. Ins. Co. v. Gelshenen*, 387 F. Supp. 3d 634, 638 (W.D.N.C. 2019) (quoting *Harleysville Mut. Ins. Co. v. Buzz*

*Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 610 (N.C. 2010)). This requires reading the pleadings "side-by-side with the policy to determine whether the events as alleged are covered or excluded." *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 378 (N.C. 1986). Given the centrality of the second amended complaint to this dispute, the Court concludes that ruling on Defendants' motions for summary judgment without hearing from the parties on how the second amended complaint in *Garey* impacts this litigation would be futile.

For the reasons outlined, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that, provided Defendants wish to proceed on their respective Motions for Summary Judgment, (ECF Nos. 27; 29), they shall file amended briefs specifically addressing the second amended complaint in *Garey* within 21 days of entry of this Order.

IT IS FURTHER ORDERED that should either Defendant file an amended brief for summary judgment, any briefing in response or reply to said brief should follow all applicable local and federal rules of civil procedure.

IT IS FURTHER ORDERED that if either Defendant fails to file an amended brief within the prescribed time ordered by the Court, the summary judgment motion originally filed by said Defendant, (ECF Nos. 27; 29), shall be denied as moot.

This, the 30th day of March 2020.

/s/Loretta C. Biggs
United States District Judge